## 8956

### PATTERSON v. JONES *ET AL.*

#### (82 S. E. 1008.)

EXECUTORS AND ADMINISTRATORS. ACCOUNTING. CREDITS.

1. EXECUTORS AND ADMINISTRATORS — ACCOUNT — DUTY TO KEEP AND STATE.—It is the duty of an administrator to keep and make a plain statement of all his official transactions.

2. EXECUTORS AND ADMINISTRATORS—ASSETS—CROP.—Where an administrator raised a crop on land belonging to the estate, the estate was chargeable with the supplies necessary to grow the crop, and was entitled to credit for the entire crop.

3. EXECUTORS AND ADMINISTRATORS—ASSETS—BANK DEPOSIT.—Where a wife at her death had money on deposit in a bank in the name of her husband, he was chargeable, as her administrator, with the whole deposit, though he testified that he also had some money in the fund, the amount of which he did not prove.

4. EXECUTORS AND ADMINISTRATORS — EXPENSES OF ADMINISTRATION — TOMBSTONE.—An administrator may lawfully charge, as an administration expense, the cost of a reasonable tombstone to mark the grave of his intestate; the amount depending on the value of the estate.

Before PRINCE, J., Walhalla, 1913.   Modified.

Accounting by administrator in case of J. T. Patterson, in his own right and as administrator of the estate of Eugenia Patterson, deceased, against James H. Jones, Iber E. Patterson, Clein C. Patterson and Zella E. Patterson. Plaintiff appealed from judgment.   The facts are stated in the opinion.

*Mr. John R. Earle,* for appellants.

*Messrs. Shelor & Hughes,* for respondent.

September 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for partition of a small parcel of land.

FOOTNOTE.—Tombs and tombstones allowed as part of funeral expenses in settlement of decedent's estate, see note in 33 L. R. A. 666, and 52 L. R. A. (N. S.) 337.

The land had been the property of Eugenia Patterson; the plaintiff is her husband and administrator of her estate; and the defendants are her children, the first named by a former husband, and the last three named by the plaintiff, and his children are all infants.

There is no issue about partition; the land has been sold and the price of it is now in the hands of the Court.

But the plaintiff, as administrator, asked to state his account as such.

The issues have arisen on that statement.

The administrator found $14.30 to be due to him.

The master found plaintiff to be debtor to the wife's estate for $575.49.

The Circuit Court raised this last balance to $718.99, and the plaintiff appeals.

There are six numbered errors assigned, but only three issues have been seriously argued and they alone will be considered.

Except in the minor particular there is no fault in the Circuit decree. Of the three matters put in issue, two are mixed questions of law and fact, and one is a question of law.

They are (1) the liability of the plaintiff for an item of $367.19, the proceeds of seven bales of cotton sold by plaintiff to Gignillat & Son and Courtney Mfg. Co.; (2) the liability of plaintiff for an item of $375.00, the proceeds of bank deposit collected by the plaintiff; (3) the liability of the estate for $75.00 paid by plaintiff for a tombstone for his intestate.

The testimony is short, and practically all by the plaintiff; it is indefinite and uncertain, so that the corrections of the administrator's account, as made by him, cannot be affirmed.

It was the plaintiff's business to keep and to make a plain statement of his actings; they lay within a short period of

time and there are not many items; and he has failed to do so; and if he suffers thereby it is his fault.

It is not denied that plaintiff sold seven bales of cotton in issue, for the price named. He testified that he kept one-half the cotton crop for himself, but "it looks like I have charged the whole expenses to my wife's estate."

The Circuit Judge held that the estate was to be charged with the supplies necessary to grow the crop, and was entitled to credit for the crop; and the Court's statement of account followed that rule.

There was no warrant, under the testimony, for the plaintiff to keep one-half the crop for himself.

The plaintiff is plainly liable to be charged with the bank deposit.

The testimony of Smith is clear to the point that while the money was deposited in bank to the plaintiff's credit, it belonged to his wife.

The plaintiff does not deny that; he only says he had some money also; but he does not prove it.

The plaintiff had no land, he had no stock, the land and all on it belonged to his wife; he only got hold of money after the death of his wife.

The plaintiff is chargeable with both the seven bales of cotton and the bank deposits. They have been traced to his hands, and he has not by satisfactory testimony discharged himself therefrom.

The Circuit Court disallowed $75.00 paid out by the administrator for a tombstone.

Schouler states that "gravestones are items of cost allowable to a reasonable amount in the settlement of the estate." Schouler's Executors and Administrators, sec 422. Some of the States have not been so liberal. No authority in this State has been cited, one way or the other, though there may be a case on the subject.

An administrator may charge the coffin and pay the grave digger; there is no sound reason why he may not mark who has been buried there.

The charge would not be allowed if excessive; it is full large here, considering the value of the estate; but it is not excessive.   The charge is therefore allowed and the decree of the Court modified to that extent.